Derbigny, J.
delivered the opinion of the court.* The plaintiff and appellant, as owner of the brig James Rinker, of New-Orleans, and her cargo, condemned at Tortola in the year 1805, brought this action against the defendants and appellees, as underwriters, to recover the amount by them insured. They resist the claim on the ground that the property was not neutral, as warranted.
On that question, an important question first presents itself: whether the sentence of a foreign court of admiralty pronouncing the pro *459 perty captured to be enemy’s property is conclusive evidence of that fact.
East'n. District.
June 1816.
This interesting question, after having been several times debated in the courts of the United States, was finally settled by the supreme national judiciary, who pronounced it to be law, that the sentence of a foreign court of admiralty is conclusive evidence of the fact. Croudson vs. Leonard, 4 Cranch 434.
It is contended by the defendants that this decision ought to be given not duty in the courts of the United States, but also those of the particular states: because it is grounded on the law of nations, a law which reigns over the whole of the United States as one national body, and ought to be construed in the same manner throughout the union.
On the part of the plaintiff, it is maintained that the decision of the supreme court is not grounded on any Of these general principles universally recognised by all nations, but on a rule adopted in England and proscribed in other countries; that as such it ought not to be considered as an adjudication of what the law of nations generally is on similar subjects, and that its authority ought to be confined to such of the states, the particular laws of which are not repugnant to the adoption of that rule. That there exists here *460 positive laws which forbid its introduction, and that the decision of the supreme court of the United States cannot therefore be considered as binding this instance.
It is obvious that the first question to be settled here is whether or not the doctrine established by the supreme court of the United States is conformable to the rules of that general system of national justice, which governs the conductor all civilized nations towards each other. For, if we find it grounded on these principles, the consequence must inevitably follow that the authority of the decision ought to be the same over all the union.
The principle of the law of nations, with respect to foreign judgments generally, is that when they have been pronounced by a competent court, they ought not to be inquired into, but ought to be every where deemed conclusive between the parties. Vattel b. 1, ch. 7, art. 84, Martens b. 3, ch. 3, sect. 20.
To this rule a sovereign may refuse his assent, and in that case the foreign judgment is without force in his dominions. But, if such refusal has not taken place, the sovereign is supposed to have acquiesced in its observance. By an application of this rule to sentences of foreign courts of ad *461 miralty, they are deemed conclusive against all the world, because by a fiction of law every body is supposed to have been made a party to a suit which is prosecuted in rem, and in which all persons interested are invited to appear claimants.
The limitations and modifications, to which this doctrine is subject, are considerations foreign to the present inquiry. The only question here is whether the principle established by the supreme court of the United States, as to the conclusiveness of sentences of foreign courts of admiralty be derived from an application of the law of nations to these sentences: and as one can feel no hesitation to say that it has no other origin, enough is ascertained.
Of the extent or authority, which judgments of the supreme tribunal of the country, declaring the law of nations, ought to have, there can be hardly any doubt. Whatever be the jurisprudence of other governments the United States, as a nation, can have but one rule of conduct towards the others. In that code of national rights, called the law of nations, each nation is considered as an individual: the United States are one, the particular states are nothing.
It has been argued that in France the law of nations on this particular subject is not in force: *462 and as Spain is generally governed by the same system of laws which prevail in France, it has been inferred that in Spain also sentences of foreign courts of admiralty are deemed conclusive. We may go further and suppose that by the positive laws of Spain such sentences are considered as not existing: and yet this will not make the least alteration in the position here established. For whatever could be the understanding of the law of nations in Louisiana, while under the government of Spain, the moment it was annexed to the territory of the United Sates, it became a part of that body which forms the American nation, which can have but one scale to weigh the law of nations.
Moreau for the plaintiff, Duncan for the defendants.
We deem it unnecessary to weigh the reasons on which the doctrine established by the supreme court of the United States is founded: after having said that we consider this decision as binding, we need only refer to it and pronounce in conformity thereto.
It is ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

 Martin, J. did not join in this opinion, having been bf counsel in the cause.